*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-052

OCTOBER TERM, 2015

| Allan Leavitt | } | APPEALED FROM: |
|---|---|---|
| | } | |
| | } | Property Valuation and Review |
| | } | Division |
| v. | } | |
| | } | |
| Town of Brandon | } | DOCKET NO. PVR 2014-20 |

In the above-entitled cause, the Clerk will enter:

Taxpayer appeals from a decision of the division of property valuation and review setting the listed value of his real property at $502,300. We affirm.

The subject property is a 6.12-acre parcel of land with a 2.5-story residence that includes among its fourteen rooms five bedrooms and four bathrooms. The house contains a rental apartment, and there is a freestanding garage.

The Town of Brandon reduced the assessed value of the property from $490,400 to $472,100 as of April 1, 2013, apparently in response to taxpayer's assertion that 280 square feet of the property listed as living space was actually an attached shed. Taxpayer grieved the 2013 assessment to the town listers, and it was further reduced to $452,500. Taxpayer then appealed to the town board of civil authority. A three-member committee of the board inspected the property on July 7, 2014. Following the inspection and a hearing held over two separate days, the board increased the listed value of the property from $452,550 to $528,300. Later, after discovering data-entry errors concerning the functional depreciation for similar properties, the town assessor determined that the listed value should be lowered to $502,300.

Taxpayer then appealed to the state division of property valuation and review. Following a hearing, a property tax hearing officer reported to the director of the division his decision that the listed value of the property should remain at $502,300. After noting that the subject property was considered a unique property, the hearing officer discussed the appraisal report submitted by taxpayer, which set the fair market value of the property at $362,000, with a replacement cost approach value of $360,597. Ultimately, the hearing officer declined to consider the appraisal, based upon the Town's objection, because the appraiser was not present at the hearing and thus could not be subjected to cross-examination concerning the appraisal. The hearing officer also gave little weight to a listing of another property submitted by taxpayer, stating that listings were not true indications of fair market value. The hearing officer also rejected taxpayer's contention that impact from the condition of an adjacent road entitled him to a depreciation of twenty percent in the value of his property, stating that the Town had addressed this in part with its own recommendation of assessed value reduction. In the end, the hearing officer concluded that

while taxpayer had met his initial burden of production, he had failed to meet his burden of persuasion as to the value of the property.

On appeal, taxpayer contends that the Town did not consider or investigate the basis of his appeal. He asks this Court "to accept the unbiased and professionally constructed appraisal of his property," and to impose "a twenty percent (20%) reduction in property valuation until such time as the aforementioned road condition causing the home vibration is fixed." In making these unelaborated requests, taxpayer does not cite to the record or to any legal authority. Nor does he raise any specific legal issues or claims of error with respect to the decision of the division's hearing officer. Although we give some leeway to pro se litigants and will address, if possible, arguments that may not comply with Vermont Rule of Appellate Procedure 28 but that are nonetheless comprehensible, in this case taxpayer presents no claims of error whatsoever. As we have stated on numerous occasions, we will not peruse the record searching for error. See Jordan v. Nissan N. Am., Inc., 2004 VT 27, ¶ 10, 176 Vt. 465 (stating that reviewing court "will not search the record for error").

In this case, the hearing officer concluded that taxpayer failed to meet his burden of persuasion as to the value of the subject property after the Town submitted evidence in support of its assessment. See Sondergeld v. Town of Hubbardton, 150 Vt. 565, 568 (1988) (mem.) ("Once the taxing authority has met its burden to produce evidence of initial valuation, the taxpayer retains the burden of persuasion as to contested issues under 32 V.S.A. § 4467."). To meet his burden of proof, "taxpayer must show an arbitrary or unlawful valuation." Id. Taxpayer has not done so here. At the hearing, the Town submitted several exhibits in support of its assessment of taxpayer's property, including an exhibit that provided detailed information concerning eighteen comparable properties in the Town of Brandon, with a particular emphasis on four of those properties. Taxpayer fails to demonstrate how the Town's use of comparable properties or its assessment of the listed value of his property is flawed. Nor does he explain how the court abused its discretion by not considering an appraisal in the absence of the appraiser who completed it. See 3 V.S.A. § 810(3) ("A party may conduct cross-examinations required for a full and true disclosure of the facts."). Under these circumstances, taxpayer cannot prevail in his appeal.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

2